## Andrew Freeze *versus* T. R. Marston.

A rule, upon which money has been brought into court, may be amended.

This was an action of assumpsit. The first count was upon a special contract for the sale of a mare, by the plaintiff to the defendant. The second was a similar count for the sale of a horse. The third count was upon a promissory note, and the fourth upon an account annexed to the writ.

In the court of common pleas, where the action was commenced, at October term, 1829, the defendant brought into court $16,25, under a rule which ordered that unless the plaintiff should accept the same in full discharge of the suit, the same should be struck from the declaration. The cause was tried there at the same term, and a verdict returned for the defendant. The plaintiff having brought the cause by appeal to this court, the defendant moved for leave to amend his rule so as to apply the money brought into court to the two last counts only, and he relied upon the case of *Jones* v. *Hoar*, 5 Pick. 285.

*Dearborn*, for the plaintiff.

*Houghton* and *Bartlett*, for the defendant.

*By the Court.* It seems to be settled in England and Massachusetts, that the bringing of money into court generally, on the whole declaration, is an implied admission of a cause of action on each count. 2 B. & A. 117 ; 3 Taunt. 95 ; 2 East. 128 ; 2 H. Bl. 374 ; 2 D. & E. 275 ; 1 D. & E. 464 ; 2 B. & P. 550 ; 4 Starkie's Ev. 1093—1099.

Freeze
*v.*
Marston.

But the rule, under which the money is brought into court, is only evidence of an admission, and does not preclude a jury from finding according to the truth of the case. 2 M. & S. 106 ; *Mellish* v. *Allnut.*

We are not aware, that it has ever been settled in this court how far the bringing of money into court generally, upon a declaration containing several counts, is to be considered as an admission of a cause of action on each count. But the true rule is stated in the case cited from Pickering's Reports.

However, as there has been no settled practice in this State, we shall give leave in this case to amend the rule ; and the amendment must be without terms, unless the plaintiff can show that he has been misled by the form of the rule.